IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CODY C. GATEWOOD                                                                           PLAINTIFF

v.                                    Civil No. 5:22-cv-05147

SHERIFF SHAWN HOLLOWAY                                                               DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court with respect to Plaintiff's failure to obey the orders of the Court.

### I. DISCUSSION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Benton County Detention Center ("BCDC"). By Order entered on July 22, 2022, Plaintiff was directed to file an amended complaint by August 10, 2022. (ECF No. 4). Plaintiff was advised that if he failed to comply with the Order the case "shall be subject to dismissal." When Plaintiff failed to file the amended complaint, a Show Cause Order was entered. (ECF No. 5). Plaintiff was granted until September 12, 2022, to show cause why he failed to file an amended complaint.

To date, Plaintiff has neither filed an amended complaint nor responded to the Show Cause Order. Plaintiff has not sought an extension of time to comply with the Court's Orders or communicated with the Court in anyway. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the

1

ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of September 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE